# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **JOE C. DAVIS,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 2:16-cv-1007-RDP-TMP** |
| | ) | |
| **LEON BOLLING, Warden, and the** | ) | |
| **ATTORNEY GENERAL OF THE** | ) | |
| **STATE OF ALABAMA,** | ) | |
| | ) | |
| **Respondents.** | ) | |

## <u>MEMORANDUM OPINION</u>

The Magistrate Judge filed his Report and Recommendation on May 9, 2018, recommending that the court dismiss the above-entitled *habeas* action as being a second or successive petition under 28 U.S.C. § 2244(b)(3)(A). Petitioner filed his timely objections to the Report and Recommendation May 18, 2018.[1] Having carefully reviewed the Report and Recommendation, the objections, and other materials in the court record, the court finds that the objections are due to be **OVERRULED** and the Magistrate Judge's Report and Recommendation

---

[1] Although the prisoner mailbox rule applies to the date the objections were delivered to prison officials for mailing, there is no readily discernible date apparent on the objections. In any event, even the later date on which the court received the objections was still within the time allowed for objections.

**ADOPTED** and **ACCEPTED**.

Petitioner's original *habeas* claim in this action alleged that his constitutional rights to due process and equal protection were violated by the trial court's denial of his motion for a sentence reduction pursuant to Alabama Code § 13A-5-9.1. He contends in his objections to the Report and Recommendation that the factual predicate of his claim did not exist at the time of his earlier 2007 *habeas* petition and, thus, his current petition is not successive. But the exhibits annexed to the Respondents' answer show that this assertion is incorrect.

In the earlier *habeas* action, <u>Davis v. Jones</u>, Case No. 2:07-cv-455-HGD, the Magistrate Judge found that the Petitioner had filed three motions for a sentence reduction, each of which were denied by the trial court, by 2006, a year *before* he filed the *habeas* petition in that case. (<u>See</u> Doc. 6-1, at p. 2 of 11). Clearly, the factual predicate for Petitioner's claim -- that he was denied a sentence reduction -- existed and was known to Petitioner when he filed the 2007 *habeas* action. He could have asserted that claim in 2007 and his attempt to raise the claim here is indeed successive. For this reason, the cases cited by Petitioner, holding that parole claims arising after the resolution of the original petition challenging the conviction are not successive because the factual predicate did not exist at the time of the original petition, are factually distinguishable from this case. In his 2007 petition, he had already filed motions for sentence reduction and those motions were denied.

By separate Order, the court will **DISMISS WITHOUT PREJUDICE** the instant petition for want of jurisdiction because it is successive.

**DONE** and **ORDERED** this May 22, 2018.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE